BREAUX, J.
Plaintiff claiming that defendant in erecting a new wall in place of the old one, on the dividing line between her property and that of defendant, encroached upon her lands, asks for judgment condemning the defendant to take down this party wall to the extent of the space of 7 inches front, on St. Charles street, by the depth of 78 feet.
Two surveyors, competent and of good standing in their profession, have on different days surveyed the premises for the purpose of establishing the dividing line. The surveyor employed by defendant arrived at the conclusion that defendant’s wall encroached one inch and a quarter on plaintiff’s land. On the other hand, the survey- or employed by plaintiff was certain that the new wall rests eight inches and six lines of its thickness upon the land from front to rear.
Under either measurement there would be encroachment by defendant’s wall on plaintiff’s ground.
The first-blush conclusion is that the adjacent proprietor who puts up a party wall is entitled to nine inches under all circumstances. Civ. Code, art. 675.
This conclusion, plaintiff contends, will not always hold good. Where, for instance, urges plaintiff, a wall rests equally on both premises to the extent of 16 inches, instead of the minimum of nine inches, and one of the proprietors desires to erect a stronger and thicker wall, he cannot take the additional inch from his neighbor’s land.
Different, then, from the great statesmen who always seek “to rectify the frontier" at the expense of their neighbors, he must, then build on his own land.
We will here state it appears that originally the party wall (the old party wall)measured only two inches and seven lines' in front, on plaintiff’s property, and one inch' and three lines in thickness at the rear end.
We must say there is great force in plaintiff’s position. The provision of the Civil: Code is that the additional thickness must be taken from his (the owner who put up a wall in place of his old one) own property (article 682), and that the condition established, as relates to the dividing line', should not be changed.
We will not dwell upon this point clearly urged by plaintiff’s counsel. Defenses are set up by defendant which we think dispose of the cause before reaching the question above stated. They are that the wall was constructed in height about five feet at the date that plaintiff bought the property; that plaintiff, or her author, raised no objection to the wall as located, but that she assented to and acquiesced in the construe-' tion and completion of the wall. Furthermore, that she has not been legally subro *612 gated, to the rights of the vendor; and again, that plaintiff is estopped from demanding its removal by reason of the fact that she claimed damages for diminution of her property in suit 65,462 of the district court, which is suit 14,467 of this court, in which an opinion this day is handed down. 34 South. 703, ante, p. 603.
The sale under which plaintiff acquired was general as to warranty, and no attempt was made to specially transfer any personal claim against any particular person. We derive the impression from the testimony that the buyer, at the date of the sale to her, and for some time thereafter, did not even know that defendant’s wall extended, as before stated, over the line of the old party wall two or more inches, but still within the nine inches the law usually allows in ordinary cases.
The act of purchase under which plaintiff became the owner of the property in question makes no reference to encroachment of the party wall upon the property bought by plaintiff. It is, as we have already said, entirely general, and not sufficiently specific to carry with it a claim for damages based on encroachment charged and the diminution alleged.
With reference to the number of feet, inches, and lines, plaintiff bought a stated number, it is true. She did not at first claim the inches before mentioned, but contented herself with demanding damages.
Although this demand in suit has not been specially abandoned, she demands in the present suit removal of the very property the value of which is covered by the demand for damages in suit No. 14,467. ■
Moreover, as relates to acquiescence, the building was two stories high when the matter came to the attention of plaintiff’s agent, but he, desiring not to put a stop to the construction of the wall, as it would leave his building exposed, and without tenants, concluded not to take out an injunction, and to let the work go on toward completion.
Now that the work is complete, it would require the strongest reasons to sustain a demand to take down the side wall of a four-story building.
If there ever was cause to invoke the articles of the Code to prevent encroachment, we think the present is that cause. The plaintiff had it in her power some time prior to the completion of the wall to forbid the continuance of the work (Civ. Code, art. 864), and, if he continued his work, she had the right to apply to the judge in order to have it destroyed at the expense of the owner (Id. art. 865). This she failed to do. We think her silence binds her.
Not having resorted to her rights under that article, and having since claimed damages, and not the property, she is, in our view, forever concluded from obtaining judgment to have the wall taken down.
By reason of the law and the evidence being in favor of defendant, the judgment appealed from is affirmed.