ST. PAUL, J.
 

 (dissenting). I concur in the finding of fact (in effect) that the southwest corner of defendant’s four-story brick building, known as the Madeline Hotel, corresponds
 
 exactly
 
 with the corner of Front and Main streets, being the southwest corner of block 20, in the town of Jennings; and that accordingly the division line between defendant’s property, and that of plaintiff which adjoins it on the east, corresponds
 
 exactly
 
 with the west face of defendant’s east wall, so that defendant’s said east wall, situated at a distance of 44 feet east of said southwest corner, stands wholly upon plaintiff’s property, and therefox-e encroaches thereon the full thickness of said wall, to wit, exactly 18 inches.
 

 I reach this conclusion, not only for the reasons assigned by Mr. Justice LAND, but also because the whole evidence shows that the .south and west faces of .the Madeline Hotel mark the
 
 practical
 
 lines—i. e., established lines—of Front and Main streets in the town of Jennings, and even sovereign states and governments “are bound by the practical line, that has been established as their boundary, although not precisely a true one.” New Mexico v. Colorado, 267 U. S. 30, 45 S. Ct. 202, 69 L. Ed. 499 (January 26, 1925 [No. 12, October term, 1924]), citing Missouri v. Iowa, 7 How. 660, 12 L. Ed. 861.
 

 But defendant was entitled to rest one-half its wall, to the extent of 9 inches, on plaintiff’s property.' R. C. C. art. 675. Hence the actual encroachment was only 9 inches. And I am convinced (in fact, it is not and could not be pretended otherwise) that this is the result of an honest'mistake either in originally locating the line or in preparing the plans for the building.
 

 Under the circumstances, I think that plaintiff should be justly (even amply) compensated for the damages which he may have suffered by the reduction of the frontage of his own lot fx-om 44 feet to 43 feet 3 inches. Or plaintiff might even (under the circumstances) be awarded' half the wall in exchange for half the ground. But defendant should not be condemned, unless for the very “strongest reasons,” to destroy a great four-' story wall without benefit to any one. See Pokorny v. Pratt, 110 La. 609, 611, 34 So. 706. See, also-, 1 Corpus Juris, 1209, note 67, and authorities there cited, particularly Mayfair Property Co. v. Johnston, Eng. Law. Rep. 1894, 1 Chancery, 508.
 

 I therefore dissent.