## STATE OF NEW MEXICO *v.* STATE OF COLORADO

### IN · EQUITY

No. 12, Original. Decree Entered April 13, 1925.

Decree adjudging that the bill of New Mexico be dismissed and the cross bill of Colorado be sustained; declaring the true boundary between the two States; appointing and instructing a commissioner to run, locate and mark the same, subject to approval of the Court; with provisions for transmitting copies of the commissioner's report and map, when filed, to the governors of the two States, defining the time for objections and exceptions, providing for possible vacancy in the commissionership, and equally dividing the costs of suit.

Announced by Mr. Justice Sanford.

This cause having been heard and submitted, and the Court having considered the same and announced its conclusions in an opinion delivered January 26, 1925, [267 U. S. 30],

It is ordered, adjudged and decreed:

1. The bill of the State of New Mexico is dismissed, and the cross-bill of the State of Colorado is sustained.

2. The true and lawful boundary between the State of New Mexico and the State of Colorado consists of the following connecting lines: (a) The line extending westwardly from what is known as the Preston Monument, marking the intersection of the thirty-seventh parallel of north latitude with the Cimarron Meridian (the one-hundred and third) of longitude west from Greenwich, to what is known as the Macomb Monument, as the said line was surveyed and marked in the year 1900 by Levi S. Preston, deputy surveyor, while engaged, under the direction of the Surveyor General for New Mexico, in retracing and re-marking between said Cimarron Meridian and Macomb Monument the line that had been surveyed in the year 1874 by John J. Major, astronomer and surveyor, under the direction of the Commissioner of the General Land Office; and (b) The line extending westwardly from said Macomb Monument to the intersection of said parallel of latitude with the one-hundred and ninth meridian of west longitude, as the said line was surveyed and marked in the year 1868 by Ehud N. Darling, surveyor and astronomer, under the direction of the Commissioner of the General Land Office; *Provided that,* pursuant to the consent of the parties hereto, the line surveyed and marked in the year 1917 by Wm. C. Perkins, surveyor, under the direction of the Commissioner of the Land Office, as a restoration of the said Darling line between the 203rd mile corner and Astronomical Monument No. 8 of the Darling survey, shall be taken and deemed to be the true location of the portion of the Darling line thus restored.

3. Arthur D. Kidder, cadastral engineer, is designated as a commissioner to run, locate and mark the boundary between the two States as determined by this decree. In running the same the said Preston and Darling lines shall be retraced and restored in accordance with the marks of the original surveys upon the ground and the approved

field notes thereof on file in the General Land Office, copies of which are incorporated in the printed record in this cause, except that as to the portion of the said Darling line restored by said Perkins, the line marked by said Perkins shall be followed.

4. The boundary shall be marked by establishing permanent monuments thereon, suitably marked and at appropriate distances. All corners and monuments established by said Darling that were destroyed or obliterated by Howard B. Carpenter, surveyor, in accordance with the direction of the Commissioner of the General Land Office, in making a survey of the boundary in the years 1902 and 1903, shall be restored; and all new corners and monuments that were established by said Carpenter on his survey, shall be destroyed.

5. The commissioner shall include in his report a description of the monuments established by him and of the courses and distances between them. He shall file with his report the field notes of his survey and a map showing the boundary line as run and marked by him; also two copies of his report and map.

6. Before entering upon his work the commissioner shall take and subscribe an oath to perform his duties faithfully and impartially. He shall prosecute the work with diligence and dispatch, and shall have authority to employ such assistants as may be needed therein; and he shall include in his report a statement of the work done, the time employed and the expenses incurred.

7. The work of the commissioner shall be subject in all its parts to the approval of the Court. The copies of the commissioner's report and map shall be promptly transmitted by the clerk to the Governors of the two States; and exceptions or objections to the commissioner's report, if there be such, shall be presented to the Court, or, if it be not in session, filed with the clerk, within forty days after the report is filed.

8. If, for any reason, there occurs a vacancy in the commissionership when the Court is not in session, the same may be filled by the designation of a new commissioner by the Chief Justice.

9. All the costs of the cause, including the compensation and expenses of the commissioner, shall be borne in equal parts by the State of New Mexico and the State of Colorado.