Note.—See under (1) 37 C. J. p. 50. §402: 17 R. C. L. p. 391; 3 R. C. L. Supp. p. 674; 5 R. C. L. Supp. p. 943. (2) 36 C. J. p. 1150, §17; 17 R. C. L. p. 264; 3 R. C. L. Supp. p. 642; 4 R. C. L. Supp. p. 1113; 5 R. C. L. Supp. p. 936; 6 R. C. L. Supp. p.

1005. (3) 36 C. J. p. 1155, §21; 17 R. C. L. p. 313; 3 R. C. L. Supp. p. 650; 4 R. C. L. Supp. p 1116; 6 R. C. L. Supp. p. 1007. (4) 36 C. J. p. 1172, §50; p. 1173, §56. (5) 31 Cyc. pp. 333, 335. (6) 36 C. J. p. 1172, §50.

---

## MIDLAND VALLEY RAILROAD CO. v. IMLER et al.

No. 17600. Opinion Filed Nov. 22, 1927.

Rehearing Denied Jan. 17, 1928.

(Syllabus.)

1. **Appeal and Error—Review of Evidence in Equity Case.**

In cases of purely equitable cognizance, on appeal the Supreme Court will examine the evidence, but will not disturb the judgment of the trial court unless the same is contrary to the clear weight of the evidence.

2. **Boundaries—Effect of Long Acquiescence in Location of Partition Fence as Boundary.**

Where a partition fence has been erected and maintained for many years and the respective property owners have regarded and acquiesced in the line marked by such partition fence as the boundary line between their respective properties, and where the property has been occupied and valuable improvements placed thereon upon the assumption by both parties that such fence does mark the correct boundary line, in a suit in equity the parties will be bound by such acquiescence and assumption.

3. **Trial—Statutory Right to Separate Findings of Fact and Conclusions of Law.**

The object of section 556, C. O. S. 1921, is to enable the parties to have placed on the record the facts upon which the rights litigated depend as well as the conclusions of law which the court from the facts found, so that exceptions may be taken as to the views of the trial court as to the law involved in the trial, and when this is done, the demands of the statute are satisfied and it is not the duty of the trial court to make just such findings of fact and such conclusions of law only as one of the parties request.

Error from District Court, Tulsa County; Luther James, Judge.

Action by Robert L. Imler and Ruth E. Imler against the Midland Valley Railroad Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

· O. E. Swan, James D. Gibson, and Christy Russell, for plaintiff in error.

Summers Hardy and Hunt & Eagleton, for defendants in error.

PHELPS, J. For convenience the parties will herein be referred to as they appeared in the trial court. Plaintiffs, defendants in error here, brought suit against defendant, plaintiff in error here, in the district court of Tulsa county, praying for injunctive relief, the subject-matter of the action being a strip of land about 18 inches wide across the corner of plaintiffs' residence lot and the question involved being the exact location of the boundary line between the properties of plaintiffs and defendant. A temporary injunction was granted plaintiffs and defendant appealed to this court, where the judgment of the district court was affirmed. Midland Valley Railroad Co. v. Imler, 101 Okla. 298, 225 Pac. 919.

Issues were then joined on the merits, and upon final trial the temporary injunction was made permanent, and defendant again appeals. In its petition plaintiff in error sets out 32 separate assignments of error, but when the whole record is considered, the real gist of the lawsuit is whether the particular location of the boundary line between the properties of the respective owners may be established by mutual acceptation, common consent, and long acquiescence. The trial court, at the request of defendant, made exhaustive findings of fact, upon which it based its conclusions of law and rendered its judgment. In such findings of fact it found that in the year 1905 the defendant erected a fence along the western edge of its right of way between said right of way and the property now owned by plaintiffs and at all times since that time said fence had been maintained on the line of its original location; that during the year 1921 plaintiffs repaired a portion of such fence by building a lattice fence upon the division line between plaintiffs' property and defendant's right of way and that defendant joined its fence to the lattice fence thus erected by plaintiffs. The court further found that the plaintiffs and their grantors and the defendant, by erecting and maintaining such fence on the boundary line between their respective properties for a long period of time, thereby agreed that such fence constituted a monument marking and locating the boundary line between their respective properties and, acting upon such agreement, plaintiffs had established their home upon lot 4, block 9, in Maple Park addition to

the city of Tulsa, and that said 18-inch strip of land claimed by defendant to be a portion of its right of way is embraced in, and constitutes a portion of, said lot 4, block 9, in Maple Park addition to the city of Tulsa, and that valuable and lasting improvements had been placed thereon by plaintiffs, and that, notwithstanding the fact that defendant had made no objection to the designation of such boundary line by such fence and had acquiesced in plaintiffs' and their grantors' possession of the disputed area until 1923, through its agents had attempted to take possession of the disputed strip.

Upon these findings the trial court concluded, as a matter of law, that plaintiffs were entitled to the relief prayed for, even though it might afterward be ascertained that the boundary line so located did not literally conform to the true boundary between such properties, and that after such long acquiescence in such boundary line equity would prevent interference therewith.

We are favored with very exhaustive briefs by counsel for both sides, who present their respective arguments under 17 separate propositions, but we see no good purpose to be served by disposing of them one by one, as many of them deal with different phases of the same proposition. Counsel for plaintiff in error first urge that the trial court erred in overruling their demurrer to plaintiffs' evidence, and cite numerous authorities. We readily reach the conclusion, however, that if the trial court made a correct application of the law, it properly overruled the demurrer to the evidence.

The evidence was conflicting as to whether the fence which was supposed to mark the boundary between the respective properties was continuously maintained in the same place from the time it was erected in 1905 down to 1923, when defendant asserted its right to occupy the land in dispute, but the trial court found that the evidence so showed, and it is a well-settled rule in this jurisdiction that in equity cases this court will examine the evidence, but will not disturb the judgment of the trial court unless it can be said that such judgment is contrary to the clear weight of the evidence. Carson v. Exchange Trust Co., 127 Okla. 55, 259 Pac. 857. We have examined the record in the instant case, and agree with the trial court that notwithstanding this conflict, the evidence supports the finding of the court in that respect.

Having reached this conclusion, the question then arises whether as a matter of law the parties are bound by their conduct in assuming, agreeing, and considering that the fence marked the boundary line.

In 9 Corpus Juris, 242, the rule is laid down that:

"If adjoining proprietors deliberately erect monuments or fences, or make improvements on a line between their lands on the understanding that it is the true line, it will amount to a practical location * * *"

—and on page 243 it is stated:

"A practical location not induced by fraud or mistake will conclude the parties and their privies, although it may subsequently, after long acquiescence, be ascertained to vary from the course called for in the deeds. * * *"

In Tiffany on Real Property (2nd Ed.) vol. 1, p. 1000, we find laid down the following rule:

"The erection and continued existence of a fence has been regarded as showing an acquiescence in the fence as marking the boundary, provided the fence is recognized as a partition fence. * * *"

The rule here contended for by counsel for defendants in error is upheld and supported by the Supreme Court of Iowa in Helnick v. Davenport, 156 N. W. 736, and reaffirmed by that court in Hughes v. Rhinehart, 180 N. W. 643, the syllabus of which reads as follows:

"To establish a boundary line by acquiescence, it is not necessary to show that a claim was made to land beyond that fixed in the party's deed. Legal acquiescence for the required period is all that is essential."

As far back as 1849, in a controversy between the states of Missouri and Iowa over their boundary line, 7 How. 660, 12 L. Ed. 861, the Supreme Court of the United States held that governments are bound by the practical line that has been established as their boundary, although not precisely a true one.

On this subject the recent case of State of New Mexico v. State of Colorado, 267 U. S. 30, 69 L. Ed. 499, is very illuminating. In that case the boundary line between the states of New Mexico and Colorado had been surveyed and established many years ago and monuments and markers had been erected showing where the line between the two states ran, but a more recent survey was made which materially changed the boundary line between the two states and in a very exhaustive opinion written by Mr. Justice Sanford the Supreme Court of the United States it was held that the original survey fixing and marking the boundary line should be adhered to, and in paragraph 1 of the syllabus it is said:

"The boundary between two territories, run on the ground and recognized by the United States government and the states formed from the territories for more than half a century, is the established boundary between the states, regardless of whether or not it was accurately run along the true meridian line."

Apparently the question here involved has never before been presented to this court, but from the above-cited authorities, with many others which might be cited, we reach the conclusion that the trial court committed no error in finding that the respective property owners have, by their acts and conduct, established the practical boundary line between their properties.

Many authorities are cited by counsel for plaintiff in error on the question of limitation, color of title, etc., but, as we view it, they are not applicable here, for the reason that it is not the contention of defendants in error that they are entitled to any of the real estate which in fact formerly belonged to plaintiff in error, but the sole question in dispute is the exact location of the boundary line.

Counsel for plaintiff in error present and brief many other assignments of error, quite a number of which go to alleged errors of the trial court in its findings of fact and conclusions of law or its failure to make findings of fact and conclusions of law as requested by counsel for plaintiff in error. Section 556, C. O. S. 1921, constitutes the basis for these assignments of error, but a sufficient answer thereto will be found in the expression of this court reflected in Coleman v. James, 67 Okla. 112, 169 Pac. 1064, and Etchen v. Texas Co., 82 Okla. 62, 199 Pac. 212.

In the authority last above cited, this court, speaking through Mr. Justice Harrison, said:

"This statute does not mean that a party to a suit is entitled to a finding of just such facts and every fact, and just such conclusions of law and only such conclusions, as he may request, nor such findings only as may suit his particular view of the case. The statute does not mean any such thing, nor is the court required to make just such findings as may be requested, any more than it would be required to give just such instructions as might be requested by a party to a suit. Nor does the statute provide that such findings as the court may make, or

does make, shall be in any particularly specified form, style, or verbiage. * * *"

From an examination of the record we conclude that the other assignments of error are without merit, and the judgment of the trial court is, in all things, affirmed.

All the Justices concur.