Arvel E. GLENN, same person as Ernest Glenn, Plaintiff in Error,

v.

W. C. YODER, same person as Walter C. Yoder, and Interpleaders, J. M. Yoder and Ruby Bullock, Defendants in Error.

No. 38119.

Supreme Court of Oklahoma.

April 28, 1959.

Gareth Ruggles, Davis, for plaintiff in ·error.

Randall Pitman, Shawnee, for defendants ·in error.

WELCH, Justice.

The questions here presented are (1) ·whether an oral agreement between adjoining town lot owners to fix the dividing line between their lots, and the building of a stone fence along such agreed line and the long acquiescence in such a line could operate to establish the fence line as the true dividing line though it was eighteen inches off the true survey line; and (2) ·whether such facts were shown to be the true facts existing in this controversy by competent evidence.

In rendering judgment for the interpleaders and against the defendant the trial court in effect answered both the above stated questions in the affirmative, from which judgment defendant prosecuted this appeal.

Defendant has set forth six assignments of error and presents them under three separate propositions, but when the whole record is considered, the real gist of the lawsuit is whether the particular location of the boundary line between the properties of the respective owners of Lot Two (2) and Lot Three (3) may be established by mutual acceptance, common consent, and long acquiescence.

The first proposition argued by defendant is that the trial court committed reversible error in not rendering judgment for the defendant on the pleadings.

It is clear that the interpleaders state in their pleadings that Arvel E. Glenn, defendant, is vested with a deed to lots Three (3) and Four (4); they also allege that they were the owners of the 18 inch strip in question, by virtue of a deed to lots One (1) and Two (2) and 18 inches off of the North side of Lot Three (3), and that this 18 inches had become a part of Lot Two (2) by virtue of an oral agreement and change of boundary line between Lots Two (2) and Three (3), placing the 18 inch strip on Lot Two (2), that there had been a mutual acceptance and acquiescence for a long period of time as to change the boundary to the extent of such eighteen inches.

Defendant argues that interpleaders clearly set forth language in their pleadings which entitle defendant to estoppel by deed against interpleaders. The question of estoppel by deed was not raised in the trial of said cause. It was not brought to the attention of the trial court at any time and is raised here for the first time.

The defendant's motion for judgment on the pleadings was as follows:

"Comes now the defendant Arvel E. Glenn and moves for judgment on the

pleadings against all adverse parties herein for the reason that the pleadings are not verified as required by law."

At the close of the evidence on behalf of the interpleaders defendant demurred to the evidence for the following stated reasons:

"(1) That the same wholly fails to state a cause of action to show a cause of action against the defendant A. E. Glenn; (2) that no purported acquiescence on the part of A. E. Glenn has been shown; (3) the evidence of the intervenors show that the 18 inches and the location thereof is well known to all the parties, and that it is a separate and distinct tract of land; and (4) the intervenors have not shown that there is any dispute or doubt concerning the true boundary of the eighteen inches involved in this law suit."

■ The authorities cited by defendant hold that, where the facts giving rise to the estoppel appear upon the face of the pleadings no plea of estoppel is necessary to make it available where the sufficiency of the pleadings is raised by demurrer or motion for judgment on the pleadings. A motion for judgment on pleadings and demurrer were filed herein, but both specify their reasons, and estoppel by deed is not listed as one, therefore we cannot agree that authorities referred to by defendant are applicable.

■ Parties will not be permitted to inject new issues in this court which were not raised or argued in the trial court. Fast v. Gilbert, 102 Okl. 245, 229 P. 275, and Samuels v. Granite Savings Bank & Trust Co., 150 Okl. 174, 1 P.2d 145.

The second proposition argued by defendant is that the trial court committed reversible error in allowing interpleaders to introduce incompetent, irrelevant and immaterial testimony concerning boundary line established by parol agreement which varied the terms of a written obligation. The authorities cited by defendant to support this argument concern the question of

the changing of the terms of a written instrument, and in our opinion are not applicable in this case.

Defendant has not called our attention to any authorities which hold that parol testimony cannot be offered to support an oral agreement as to a boundary line, which agreement is executed or carried into effect so as to physically fix and establish the boundary line.

The record reveals that about nineteen or twenty years ago an oral agreement was reached between the owner of Lot Two (2) and the owner of Lot Three (3) as to the boundary line to be located between these two lots, at a point eighteen inches south of the line shown by the city plat, thereby causing the north eighteen inches of Lot Three (3) to become a part of Lot Two (2), because the dwelling on Lot Two (2) had been remodeled so as to have a portion of same extend over on this eighteen inches of the north part of Lot Three (3) as designated by city plat.

In 1940 the owners of the respective lots constructed a rock fence about four feet high along the boundary line agreed upon. All subsequent owners of these lots have since that time acquiesced in maintaining the rock fence as the boundary line.

■ In the case of Midland Valley R. Co. v. Imler, 130 Okl. 79, 262 P. 1067, 69 A.L.R. 1404, we held:

"Where a partition fence has been erected and maintained for many years, and the respective property owners have regarded and acquiesced in the line marked by such partition fence as the boundary line between their respective properties, and, where the property has been occupied and valuable improvements placed thereon upon the assumption by both parties that such fence does mark the correct boundary line, in a suit in equity the parties will be bound by such acquiescence and assumption."

The above case calls our attention to State of New Mexico v. State of Colorado, 267 U.S. 30, 45 Sup.Ct. 202, 69 L.Ed.

499, which followed the rule that long acquiescence and assumption established boundary line as between these two states regardless of whether it was accurately run along the true meridian line.

The record fails to reveal whether this boundary line agreed upon has ever before been questioned by the owner of either lot. We are therefore of the opinion that the acquiescence by the parties as to this boundary line since the year of 1940 is sufficient to bring this case under the rule established in the cases above cited, and that the trial court did not commit error in admitting evidence concerning the oral agreement and establishment of the new boundary line between the lots, since this is the only method by which acquiescence could be established.

This court has held that a change of intervening boundary and dimensions also may be established by the act and acquiescence of the owners of two adjoining properties sufficient to constitute estoppel. Roetzel v. Rusch, 172 Okl. 465, 45 P.2d 518.

The third proposition argued by defendant is that the trial court committed error in overruling defendant's demurrer to the evidence offered at the close of the plaintiff and interpleaders' case, and in refusing to render judgment for defendant at close of all the testimony, and for failing to grant a new trial. This question is covered in the authorities referred to in the earlier discussion of the case.

The evidence of record here reasonably supports the judgment of the trial court.

In the case of Reynolds v. Reynolds, 148 Okl. 13, 296 P. 962, we held:

"In an equitable action, this court will not disturb the findings and judgment of the trial court on review, unless said findings and judgment are clearly against the weight of the evidence."

Therefore the judgment of the trial court is affirmed.