LAMM, Ex'r, et al. v. HARDIGREE et al.

No. 29426.    Dec. 17, 1940.

Rehearing Denied Jan. 21, 1941.

*109 P. 2d 225.*

Ash & Bailey, both of Cordell, for plaintiffs in error.

Meacham, Meacham & Meacham, all of Clinton, for defendants in error.

WELCH, V. C. J. Plaintiffs in error will be referred to as plaintiffs, as they appeared in the trial court.

The suit was commenced for injunctive relief against the defendants, plaintiffs alleging ownership of certain lands and charging that defendants were trespassing thereupon. In answer defendants asserted ownership of a portion of the lands claimed by plaintiffs and sought a determination of the boundary lines and judgment restraining plaintiffs from interfering with defendants' possession.

Plaintiffs' reply was to the effect that they owned the land which defendants claimed in answer, and were in possession thereof under claim of title and had been in such possession for many years, claiming at all times that a certain fence and the old site of a part thereof was the boundary line between plaintiffs' and defendants' respective tracts of land, and likewise sought determination of boundary line and injunction as originally prayed.

The issues as so made were tried to the court, resulting in a general judgment of the court in favor of the defendants, denying injunctive relief to plaintiffs and specifically declining to determine the boundary lines, as was sought by all parties.

We observe no conflict or dispute as to material facts. They are to the following effect: Some 30 years ago Mary E. Lamm purchased the southeast quarter of section 23, township 11 north, range 20 west, and for some 25 or 30 years had been in the open, exclusive, and adverse possession of same under claim of title, and claiming as a part thereof all land up to a certain fence to the north, which fence and line had been considered as the north boundary line of the Lamm property for some 25 or 30 years. All of the land here in dispute being used exclusively and without challenge as part of the Lamm property.

A short time before the institution of this suit the defendants, owners of certain town lots adjoining said north line fence, apparently concluding that the fence line did not coincide with the north line of the above-mentioned quarter section according to the government survey, procured a surveyor and were by him informed that the north line of said quarter section, according to the government survey, was some short distance south of the said old fence line. Whereupon defendants proceeded to the erection of a fence upon the line as informed by the surveyor. This resulted in their going upon the land so held and claimed by plaintiffs, and furnishes the basis of plaintiffs' present suit.

There is no evidence to indicate ignorance or lack of knowledge, on the part of defendants and their privies, of the claims and adverse possession of plaintiffs, and nothing is shown indicating any dispute of plaintiffs' claim of title and adverse possession prior to this dispute. Such long continued ac-

quiescence is nowhere disputed or denied.

There is no direct evidence to show the original purpose, intention, or agreement of the owners of the respective tracts of land—adjoining landowners—in establishing the old fence line. There is no evidence that any prior owner of the respective adjoining tracts ever, prior to the recited circumstances, claimed that the old fence line was not the true north boundary line of the Lamm property. This is simply a case of the undisturbed and unquestioned use and occupancy, under claim of title, of a tract of land, up to a well-defined enclosure erected and maintained for more than 25 years, always considered by the occupant, with acquiescence of the adjoining owner, as the true boundary, followed by the effort of the defendant, adjoining landowner, over protest, to go upon the same, claiming possession and ownership thereof, armed only with information recently acquired from a surveyor that the enclosure does not exactly coincide with the true line as fixed by a former survey. Such acts of the defendants are not supported in law.

The case is controlled by the recent case of Lewis v. Smith, 187 Okla. 404, 103 P. 2d 512, where the facts are shown to be closely analogous to the facts here, and where the principles of law are discussed at considerable length. The defendants here place reliance on the rule announced in White v. Saling, 185 Okla. 46, 89 P. 2d 754, but that case has heretofore been overruled. See Johnson v. Whelan, 186 Okla. 511, 98 P. 2d 1103, and Lewis v. Smith, supra.

The judgment is reversed, and the cause is remanded, with instructions to determine the boundary line as contended by plaintiffs, and to perpetually enjoin the defendants from interfering with plaintiffs' title and possession to the lands here in dispute.

BAYLESS, C. J., and RILEY, HURST, and NEFF, JJ., concur.