KELLY v. CHOATE et al.

No. 30603. April 13, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 885.*

C. C. Wilkins, of Marietta, for plaintiff in error.

J. W. Dixon, of Marietta, for defendants in error.

RILEY, J. This suit was commenced by defendants in error, hereinafter referred to as plaintiffs, to obtain injunctive relief against plaintiff in error, hereinafter referred to as defendant,

and to establish the dividing line between lot 5 (owned by defendant) and lot 6 (owned by plaintiffs), in block 19, city of Marietta, Okla.

The two lots are 140 feet long north and south. The south ends face Main street, which runs east and west. The recorded plat shows the width of each lot to be 100 feet.

Plaintiffs assert that the dividing line between said lots is a line running south beginning at the west side of a small brick building erected by defendant on the northwest corner of lot 5; that said line has been recognized and treated as the dividing line between the lots for more than 15 years by the parties and their predecessors in title; that during all that time the line has been marked and designated by a fence first erected on the line by Willis Choate, Sr., deceased, plaintiffs' predecessor in title; that said fence ran some distance from the north line of said lots; and that farther to the south the line was marked and designated by a line of trees, most of which were planted by Willis Choate, Sr., in his lifetime and about 1921, at which time he purchased and became the owner of lot 6; that plaintiffs and their predecessor in title had been in the peaceable and notorious possession of all of the premises west of said line, claiming the same as a part of their lot 6, for more than 15 years; that defendant unlawfully entered upon and claimed some right to a part of the land west of said line and attempted to erect fences or other structures thereon.

Defendant denies that such line is the correct line between the lots, and asserts that the true line is three or four feet to the west of the line claimed by plaintiffs; denies that plaintiffs and their predecessors in title had been in the open, exclusive, and adverse possession of the strip of land in controversy for 15 years; and specifically denies that he ever acquiesced in and agreed to the line as claimed by plaintiffs.

The cause was tried to the court without a jury. The principal question in issue was whether there was a well-marked dividing line as claimed by plaintiffs, and whether or not plaintiffs and their predecessor in title had been in possession of the strip in controversy, claiming ownership, for 15 years. There is but little conflict in the evidence as to plaintiffs' possession. There is some conflict as to whether plaintiffs had a part of the strip at the north end enclosed by a fence prior to the time defendant erected the small building on the northwest corner of his lot.

At the close of the testimony, both parties requested the trial judge to personally inspect the premises. The trial judge made inspection of the premises in controversy, and "from such personal inspection and from the testimony" found generally in favor of plaintiffs and specifically:

"The court further finds that these trees and the portions of the fence and hedge and buildings and some other shrubs that were also on the line, and from the testimony herein, and from personal observation, and from other marks, posts and shrubs, which have not been referred to herein, fairly establish the line between the parties and their respective property herein. I will say the court finds all of these objects and plants, trees, and so forth, clearly demarked, in the opinion of the court, a line that the parties had acquiesced in as their mutual boundary for more than 15 years—the parties and their predecessors in interest had acquiesced in for more than 15 years."

Judgment was entered in accordance with the findings, quieting title in plaintiffs to the strip in controversy and fixing the east boundary line of plaintiffs' lot as "the well marked line of trees, shrubbery and brick and wooden structures, located between lot five (5) and six (6) . . ."

Defendant appeals and contends that the findings of the trial court are against the clear weight of the evidence.

The parties in effect agree that the law is that: "The party relying on a

title by adverse possession has the burden of proving all the facts necessary to establish such a title."

We deem it unnecessary in this case to discuss at length the law applicable to title by prescription. The question is fully discussed in Johnson v. Whelan et al., 186 Okla. 511, 98 P. 2d 1103: Lamm, Ex'r, et al. v. Hardigree et al., 188 Okla. 378, 109 P. 2d 225; and Lewis v. Smith, 187 Okla. 404, 103 P. 2d 512.

Neither do we deem it necessary in this case to discuss at length the evidence. A careful inspection of the record as a whole will disclose that the findings of the court and the judgment entered thereon are not against the clear weight of the evidence. Particularly is this true in view of the personal inspection and examination of the premises by the court.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, BAYLESS, and WELCH, JJ., absent.