KISNER v. McCURRY et al.

No. 31856. Oct. 9, 1945.

Rehearing Denied Oct. 30, 1945.

Application for Leave to File Second Petition for Rehearing Denied Dec. 11, 1945.

*163 P. 2d 963.*

W. H. Kisner and Sanford Martin, both of Tahlequah, for plaintiff in error.

H. M. Vance, of Tahlequah, for defendants in error.

W. S. Paden, of Tahlequah, for intervener.

DAVISON, J. This cause is presented on appeal from the district court of Cherokee county. In 1921 W. H. Kisner purchased a five-acre tract of land from R. H. Couch and Mattie Couch, his wife. The acreage was located adjacent to the limits of the city of Tahlequah, Okla. The land was acquired by R. H. Couch in 1908, and in 1910 Couch entered into an agreement with A. J. Vaughn, his neighbor on the east, whereby each of them was to contribute a strip of land 15 feet in width along their respective boundaries for the purpose of creating

a road or street 30 feet in width. Pursuant to the agreement, Couch and his neighbor moved their fences back into their own land 15 feet, thus forming the street or road. The defendants, R. B. McCurry and Maggie McCurry, are the remote grantees of A. J. Vaughn. The road thus created furnished the only means of ingress to and egress from the McCurry home, which was located about 400 feet from Downing street of the city of Tahlequah.

In 1944 W. H. Kisner decided to move his fence in such a manner as to fence in a portion of the road. The defendants, R. B. McCurry and Maggie McCurry, objected to such act and threatened violence if such act were consummated.

On April 10, 1944, W. H. Kisner, as plaintiff, commenced this action to restrain and enjoin R. B. McCurry and Maggie McCurry from interfering with his contemplated plan to move the fence.

Thereafter, and on April 18, 1944, the city of Tahlequah, by and through its attorney, obtained leave to file and filed a petition in intervention asserting, in substance, that the road heretofore mentioned had been dedicated to and used by the public for a period of time sufficient to operate as a grant of title by prescription for public use. The city also alleged that it had laid its water lines in, under, and along said street, and that it had erected its light poles and lines along said street, and that the Southwestern Bell Telephone Company under a franchise from the city of Tahlequah maintains its telephone line along said street. To the petition in intervention, the plaintiff filed his answer.

On April 17, 1944, the defendants McCurry filed their answer and cross-petition in which they asserted that the road or street was established in 1910 and has been continuously and adversely used by the public since that time.

The defendants then sought an injunction to prevent the plaintiff, W. H. Kisner, from erecting or maintaining a fence or other obstruction in the road-

way and to compel the said W. H. Kisner to remove a fence which he had already erected in such roadway.

On May 17, 1944, the cause was tried without the aid of a jury. At the conclusion of the trial, judgment was entered for the defendants, R. B. McCurry and Maggie McCurry, as to all of that portion of the road extending from their home to Downing street of the city of Tahlequah, and for the plaintiff as to that portion of the road extending beyond the McCurry home. The trial court also entered judgment for the intervener, city of Tahlequah, and declared that it could maintain its water and power lines along the portion of the street from the McCurry home to Downing street of the city of Tahlequah.

The plaintiff, W. H. Kisner, has appealed from the judgment rendered. He appears before this court as plaintiff in error. For the sake of convenience we shall continue to refer to the parties by their trial court designation.

On one point there is a sharp and definite conflict in the evidence. The plaintiff, W. H. Kisner, testified that he did not know that a portion of his land was being used for the road until he was so informed by his grantor in 1938. The grantor, Mr. Couch, testified that he advised Mr. Kisner of that fact when the five-acre tract was conveyed in 1921. He also points out that the conveyance was for five acres, more or less.

The defendants say that the principal question in this case is whether public highways can be established by prescription in this state. They direct particular attention to the case of Seaman v. Chesnut, 180 Okla. 582, 71 P. 2d 965, wherein we announced the following rule of law:

"A public highway may be established by prescription in Oklahoma if the land is actually used by the public for that purpose, with the knowledge of the owner, actual or implied, adversely under a claim or color of right and not merely with the owner's permission and

continuously and uninterruptedly for the period required to bar an action for the recovery of possession of land or otherwise prescribed by statute."

And in the body of the opinion we stated:

"All of the essential elements specified in the law applicable are present. The public used this road. This was with the knowledge of all of the owners. There was an adverse claim of color of right by virtue of the agreement. The use thereof was continuous, and uninterrupted, and for a sufficient period of time. Since all of the essentials prescribed by law are present, we are of the opinion that the trial court was correct as a matter of law and fact."

See, also, Lewis v. Smith, 187 Okla. 404, 103 P. 2d 512; Dolese v. State, 23 Okla. 81, 212 P. 610; Reinhart & Donovan Co. v. Missouri-Kansas-Texas Ry. Co., 187 Okla. 661, 105 P. 2d 541; State ex rel. King v. McCurdy, 171 Okla. 445, 43 P. 2d 124; Lamm v. Hardigree, 188 Okla. 378, 109 P. 2d 225; City of Hollis v. Gould, 190 Okla. 335, 123 P. 2d 241; Kelly v. Choate, 192 Okla. 397, 136 P. 2d 885, and 29 C. J. 373.

In the case at bar the road was used by the public for 34 years. This was with the knowledge of all the owners, including the plaintiff herein, according to the testimony of defendants. There was an adverse claim of color of right by virtue of the agreement between Couch and Vaughn. The use of the road by the public was continuous and uninterrupted for a sufficient period of time. The title by prescription was thus perfected, and the decision of the trial court in so holding was not against the clear weight of the evidence.

In presenting this cause for review, the plaintiff has arranged his argument under five propositions which are:

"1. A freeholder has the right to protect his homestead against the encroachment of another by injunction without notice, when he has no adequate remedy at law, . . .

"2. The doctrine of res judicata applies to municipalities the same as it does to persons and corporations.

"3. An incorporated city cannot acquire a street by prescription for one of its citizen's private use, from lands of a rural homestead, when owner did not know boundary line and the city never asserted ownership.

"4. A grantor, a citizen of a municipality cannot acquire a roadway to his private home and use, from lands of his grantee's homestead. Grantee did not know the boundary line. Grantor held possession and used the lands for more than 17 years, but claimed or asserted no ownership. Grantor has lands along same line in the city for his private drive way.

"5. A roadway cannot be taken from a rural homestead by a municipality or by one of its citizens for private use, without due process of law, without just compensation and without notice."

In concluding his brief plaintiff asserts:

"This be an action by injunction and by error of the trial judge turned to be an action by prescription."

In 1926 the city of Tahlequah enacted ordinance No. 184, under and by virtue of which it undertook to bring plaintiff's tract of land within the limits of the city of Tahlequah. In 1943 W. H. Kisner and Alice Kisner, his wife, as plaintiffs, commenced an action against the city of Tahlequah, an incorporated city, county commissioners, of Cherokee county, Okla., Haskell Gates, county treasurer of Cherokee county, and Edna Chaffin, county assessor of Cherokee county, Okla., as defendants, to prevent said defendants from treating plaintiffs' property (the five-acre tract involved in the case at bar) as within the limits of the city of Tahlequah. The action was docketed as No. 6409.

The cause (No. 6409) was tried to the court, which at the conclusion of the trial decided the same in favor of the plaintiffs, holding in substance that plaintiffs' land was not within the limits of the city of Tahlequah, and declaring ordinance No. 184 of the city of Tahlequah to be invalid insofar as it undertook to bring plaintiffs' land within the city.

In the case at bar the plaintiff, W. H. Kisner, asserts that the judgment in cause No. 6409 is res judicata of issues involved in this controversy. Plaintiff is mistaken. In the case at bar the principal issues are between plaintiff and the McCurrys. The McCurrys were not parties to cause No. 6409. In cause No. 6409 the principal issue was whether plaintiffs' property was inside or outside the city of Tahlequah. In the case at bar the principal issue is whether a roadway has been acquired through plaintiffs' property by prescription.

In Johnson v. Whelan, 186 Okla. 511, 98 P. 2d 1103, we reiterated the following rule of law:

"In order to make a matter res judicata, there must be a concurrence of the four conditions following: (a) identity in the thing sued for or subject matter of the suit; (b) identity of the cause of action; (c) identity of persons or parties in the action; (d) identity of the capacity in the person for or against whom the claim is made."

Upon consideration of the foregoing authorities as applied to the facts in this case, we are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.