CORNELISON v. FLANAGAN et al.

No. 32578. May 13, 1947.

*180 P. 2d 823.*

Reuel W. Little and Jack H. Smith, both of Madill, for plaintiff in error.

J. W. Dixon, of Marietta, for defendants in error.

PER CURIAM. In this action plaintiff seeks to quiet title to a narrow strip of land lying along the boundary line between his property and that of the defendants, and to eject the defendants therefrom.

The boundary line in dispute is that part of the section line between the southeast quarter of section 26 and the northeast quarter of section 35, township 6 south, range 3 east, in Love county. Plaintiff became the owner of land south of this line by deed dated December 30, 1940. Defendants became the owners of land north of this line by deed dated September 2, 1941. The east 330 feet of both farms was untillable waste land traversed by deep canyons. A road from the west, along this section line, veered slightly to the south, from the west boundary of the farms to the canyons on the east, at which point it was some 186 feet south of the section line involved herein. At this point the road turned directly south along the canyon. This controversy arises over the right to possession of the land between the section line and the road.

Prior to August 31, 1939, both farms were under a common ownership, and the road, although unimproved, was being generally used by the public. On that date defendant's predecessor in title became the owner of their farm. and on November 21, 1930, plaintiffs predecessor became the owner of his farm. In 1944, and again in 1945, plaintiff had the section line surveyed, from which it was determined that said line was 72 feet north of the road on the west side of the farms and 186 feet north of it at the canyons. At that time the road was a well kept graded road, used as a school bus route. Each party was in possession of the land on his respective side of the road and maintained a fence along the same.

On July 3, 1945, after demand for and refusal of possession, plaintiff brought this action. Defendants based their right to the possession of the strip of land upon the establishment of the road as a boundary line by acceptance and acquiescence of both parties for more than 15 years. The case was tried

to the court with a jury sitting in an advisory capacity in determining the facts. The verdict of the jury was accepted and judgment rendered for defendants' from which plaintiff has appealed.

The law determinative of the question here involved, is well established by numerous decisions of this court, beginning with the case of Midland Valley Railroad Co. v. Robert L. Imler et al., 130 Okla. 79, 262 P. 1067. The rule, as stated in' Lewis v. Smith, 187 Okla. 404, 103 P. 2d 512, is:

"It is well established that if adjoining landowners occupy their respective premises up to a certain line which they mutually recognize and acquiesce in for a long period of time . . . usually the time prescribed by the statute of limitations . . . they are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one."

In this latter case we also held that possessions of successive owners may be tacked, and the result would be the same if there was such acquiescence.

The above-quoted rule is discussed by us in various cases, among which are: Roetzel v. Rusch, 172 Okla. 465, 45 P. 2d 518; Rocher v. Williams et al., 183 Okla. 221, 80 P. 2d 649; Johnson v. Whelan et al., 186 Okla. 511, 98 P. 2d 1103; Lamm et al. v. Hardigree et al., 188 Okla. 378, 109 P. 2d 225; Kelly v. Choate et al., 192 Okla. 397, 136 P. 2d 885; Piquet v. Piquet, 196 Okla. 419, 165 P. 2d 622. It is also followed in the later decisions of the courts of almost all states.

Some testimony was introduced tending to show that the present location of the road was not the same as it formerly was. However, after all the evidence of both parties was presented to the jury, a fact finding verdict was returned, answering interrogatories submitted, as follows:

"(1) Has the road that runs east and west between plaintiff's and defendant's land existed in its present location, or nearby vicinity, for more than 15 years? Answer: Yes.

"(2) Have the plaintiff and defendants and their predecessors in title accepted this road as the boundary line between the two farms for more than 15 years? Answer: yes."

There is sufficient competent evidence supporting these findings, and the court's findings of fact based thereon.

We have uniformly held that in a case of equitable cognizance the judgment of the trial court will not be disturbed unless it is against the clear weight of the evidence. This case comes clearly within that rule.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, WELCH, CORN, and GIBSON, JJ., concur.