Marvin L. HOLT and Antha J. Holt,
Plaintiffs in Error,

v.

Josephine Branstetter HUTCHESON, Irene Waterman and W. E. Waterman,
Defendants in Error.

No. 37941.

Supreme Court of Oklahoma.
Dec. 23, 1958.

after referred to as defendants. Plaintiffs and defendants are the owners of adjacent 80 acre tracts of land in Osage County, Oklahoma, and the north-south line between said tracts is the subject of this dispute. The trial court entered judgment determining the boundary line between the two tracts to be the line established by the county surveyor as the half-section line, except for the south 940 feet thereof, where the boundary line was determined as beginning at a point on the south boundary line of the two 80 acre tracts which was 93 feet east of the line established by the county surveyor as the half-section line and extending north a distance of 940 feet to a point 77 feet east of the line established by the county surveyor as the half-section line, and thence extending west to said line established by the county surveyor as the half-section line, and defendants have perfected this appeal therefrom.

As their first proposition of error defendants assert that no land was acquired by the plaintiffs by prescription and no boundary line was so established. In support of such proposition, defendants cite a number of cases setting forth some of the elements involved in adverse possession and acquisition of title by prescription and general principles of law applicable thereto. They do not discuss the findings and judgment of the trial court, however, and point out no error therein. The pertinent portion of the judgment of the trial court is as follows:

"The court finds and decrees that prior to 1935 or 1936 boundary line was established between the land now owned by the plaintiffs described as the Southeast Quarter of the Southwest Quarter of Section 27 and the Northeast Quarter of the Northwest Quarter of Section 34, Township 22 North, Range 11 East, and the land now owned by the defendants described as the Southwest Quarter of the Southeast Quarter of Section 27 and the Northwest Quarter of the Northeast Quarter of Section 34, Township 22 North, Range 11 East. That line extended from a location at the south end of

Chas. R. Gray, W. N. Palmer, Pawhuska, for plaintiffs in error.

Hamilton & Kane, Pawhuska, for defendants in error.

WILLIAMS, Justice.

This case involves a boundary dispute between Josephine Branstetter Hutcheson, Irene Waterman and W. E. Waterman, hereinafter referred to as plaintiffs, and Marvin L. Holt and Antha J. Holt, herein-

the properties ¼ mile south of the section line between the said Sections 34 and 27, 93 feet east of the line of recent survey made by the county surveyor and considered by the county surveyor as the north-south section (sic, half-section) line and said line extended to a point at the east end of the bridge on old State Highway number 20. The court further finds and decrees that said line established before 1936 was considered and accepted as the boundary line between the two 80 acres; that there was a fence on said boundary line. The south portion of said fence extending approximately 940 feet from the south boundary line of the said two 80 acres was maintained until the defendants tore it down a few months before the filing of this suit. The north portion of that fence had not been maintained because of being flooded by Hominy Creek. The court further finds and decrees that the south 940 feet of this line was recognized by the successive owners of the tracts of land now owned by the plaintiffs and the tracts of land now owned by the defendants as the boundary line for more than fifteen years before the defendants removed said fence, but that the north portion of the old fence had disintegrated and ceased to exist as a fence. The court further finds and decrees that the successive owners of the lands now owned by the plaintiffs and the land now owned by the defendants occupied or cultivated their respective lands to the 940 feet of fence on that established line and recognized it as the boundary line between the properties and acquiesced in the use of it as the boundary line for more than fifteen years before the defendants removed said fence; that the owners of the land now occupied by the plaintiffs and the plaintiffs acquired title by adverse possession, use and occupancy to that strip of land in the Northwest Quarter of the Northeast Quarter of said Section 34, Township 22 North, Range 11 East on the west side of that recognized boundary line, said strip of land being described as follows to-wit: beginning at a point on the south boundary line of the two 80 acre tracts, 93 feet east of the line established by the county surveyor as the section (sic, half-section) line and extending north a distance of 940 feet to a point 77 feet east of the line established by the county surveyor as the section (sic, half-section) line, and thence extending west to the said line established by the said county surveyor as the section (sic, half-section) line to a point on said county surveyor's established section (sic, half-section) line, thence south 940 feet to the south boundary line of the two 80 acre tracts, thence east 93 feet to a point of beginning; that the title of said strip of land is vested in the plaintiffs. The court further finds and decrees that the line established by the survey made by the county surveyor is not the boundary line between the land owned by the plaintiffs and the land owned by the defendants for the said distance of 940 feet, but the court finds and decrees that the line established by the county surveyor is the boundary line between the land owned by the plaintiffs and the land owned by the defendants for the remainder of the distance from the point 940 feet north of the south boundary line of the two 80 acre tracts to the north limit of the two 80 acre tracts lying in Section 27, township 22 North, Range 11 East."

■ A review of the evidence contained in the record reveals the factual situation to be exactly as found by the trial court. The law applicable to such state of facts is well settled by the cases of Midland Valley Railroad Co. v. Imler, 130 Okl. 79, 262 P. 1067, 69 A.L.R. 1404; Rocher v. Williams, 183 Okl. 221, 80 P.2d 649; Johnson v. Whelan, 186 Okl. 511, 98 P.2d 1103; Lewis v. Smith, 187 Okl. 404, 103 P.2d 512; Lamm v. Hardigree, 188 Okl. 378,

109 P.2d 225; Kelly v. Choate, 192 Okl. 397, 136 P.2d 885; Piquet v. Piquet, 196 Okl. 419, 165 P.2d 622; and Cornelison v. Flanagan, 198 Okl. 593, 180 P.2d 823. In the first paragraph of the syllabus of Rocher v. Williams, supra [183 Okl. 221, 80 P.2d 650], this court held:

"The adoption of a division line between the owners of adjoining lands may be implied from their acts and declarations and by acquiescence in respect thereto, and after the recognition of such division line as the true boundary for the statutory period of limitation, the parties and their privies are estopped from asserting that it is not the true line."

We find no merit in the first proposition.

As their second proposition defendants assert that if the boundary line were so established, the court erred in adopting only a portion of it. Such proposition is completely untenable under the facts and circumstances of this case.

Plaintiffs pleaded and contended that the boundary line in question had been established at a point approximately 93 feet east of the line of the survey made by the county surveyor as the north-south half section line, throughout the entire distance of such boundary line, and that the line so established had been fenced and recognized as the line between the two properties for more than fifteen years, and plaintiffs sought to have such line judicially established as the boundary line between the properties.

Defendants asserted that the line run by the county surveyor was the true boundary line between the properties but also asserted, in a supplemental pleading filed after the first judgment in the case had been rendered and motion for new trial then granted because of inability to make and serve case-made, that there was an established line between the land of the plaintiffs and the land of the defendants which at the south end was a few feet east of the line established by the county surveyor and at the north end was a considerable distance west of the line so established and that such line was fenced and recognized as the line between the two properties for many years, and acquiesced in and recognized for more than fifteen years prior to the time of the beginning of this action.

The evidence of both plaintiffs and defendants established beyond question the fact that a line had been established between the land of the plaintiffs and the land of the defendants which started at a point on the south boundary line of the two properties approximately 93 feet east of the line established by the county surveyor as the half section line and extended in a northerly direction for a distance of some 940 feet, and that such line for such distance was fenced and recognized as the line between the two properties by all the parties hereto and their predecessors in title for more than fifteen years prior to the time of the beginning of this action. Since there was no conflict in the evidence with regard to the location, establishment, recognition and acquiescence of the boundary line between the two properties for the south 940 feet thereof, the court did not err in decreeing the boundary line so established to be the boundary line between the property of plaintiffs and defendants for the south 940 feet thereof. There was some conflict in the evidence with regard to the location of the boundary line between the properties other than the south 940 feet thereof, but a preponderance of the evidence supports the findings of the trial court in that regard. Such being the case, we cannot say that the court erred in decreeing the boundary line between the two properties to be that established by use and prescription as to the south 940 feet thereof and the line established by the survey of the county surveyor as to the remaining distance of the boundary line. We find no merit in the second proposition.

Defendants assert that there is another question involved in this appeal in that they sought to recover one-half of the cost of the new fence built along the surveyed line and damages for the loss of an alfalfa crop which they alleged was caused by

**534**

plaintiffs' conduct and the trial court denied them any recovery for the loss of the alfalfa crop and denied any contribution for the cost of the fence. Defendants do not point out just wherein the court erred in denying them a recovery on these two items, but we have nevertheless reviewed the record and are of the opinion that defendants wholly failed to establish their affirmative causes of action for damages for loss of an alleged alfalfa crop and for contribution to expense of building a fence.

We find no error in the judgment appealed from and the same is therefore affirmed.

WELCH, C. J., and DAVISON, HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.