Mary L. **MURDOCK**, Plaintiff in Error,

v.

Lizzie **LOEFFELHOLZ**, Defendant in Error.

No. 41219.

Supreme Court of Oklahoma.

Dec. 6, 1966.

Ben Huey, Norman, for plaintiff in error.

William O. Fields and Chas. D. Scales, Oklahoma City, for defendant in error.

PER CURIAM:

Lizzie Loeffelholz as plaintiff sued Mary L. Murdock and others as defendants to quiet plaintiff's title to a tract of approximately three and one-half acres in the Southwest Quarter of Section Twenty-six, Township Ten North, Range Four West of the Indian Meridian, in Cleveland County, Oklahoma. For the purpose hereof, a sufficient description of said tract is "all of the land in the Southwest Quarter of said Section Twenty-six between the west line of the right-of-way of the Old Newcastle Road and the west line of the right-of-way of U. S. 62 Highway," plus a tract of approximately one-third of an acre which became vested in the plaintiff by accretion due to the fact that the South Canadian River, a non-navigable stream which forms the south boundary of the plaintiff's land, has moved some 375 feet south, gradually and imperceptibly, since the government survey of 1873.

The trial judge before whom the case was tried without a jury rendered judgment quieting the title to the land described in plaintiff's petition in her, "subject, however, to the perpetual easement running with the land owned by the defendant, Mary L. Murdock, over and across 'a strip of land 80 feet wide along the entire west and south side thereof' for purpose of ingress and egress to and from the land belonging to said defendant as adjudged by this court in Lizzie Loeffelholz v. E. F. McFeran and Vera E. McFeran, his wife, in Cause No. 10,397 in this court." The defendant Mary L. Murdock, the owner of a tract of land in this Southwest Quarter lying south and west of and adjacent to plaintiff's land, has appealed.

The parties are referred to as they appeared in the trial court.

In their briefs the parties to this appeal agree in substance that this case involves a boundary dispute, and that out of the three to three and one-half acre tract (excluding the land acquired by accretion), the land actually involved in this boundary dispute is an elongated strip over 950 feet in length with a width varying from approximately five feet to sixty-five feet and averaging approximately twenty-five feet. This strip is less than an acre in area and comprises all or practically all of the land between that portion of the Old Newcastle Road actually used by vehicles and pedestrians to travel over, and the west right-of-way line of the Old Newcastle Road where it adjoins the land of the defendant.

The defendant asserts that she has obtained title to the disputed strip by adverse possession. She also asserts that she has ownership by purchase or color of title.

The testimony of the County Treasurer of Cleveland County that the county records showed that the plaintiff had paid all ad valorem taxes assessed against the land involved in this quiet title action since the year 1931 was not seriously disputed.

■ In the journal entry of judgment rendered on the 6th day of July, 1932, in the case of Lizzie Loeffelholz v. E. F. McFeran and Vera E. McFeran, his wife, in the District Court of Cleveland County, the court found and decreed that the land of the McFerans, from whom by mesne conveyances the defendant deraigned her title, abutted and was contiguous to the real estate of the plaintiff, which was described exactly as the real estate of the plaintiff is described in the present action, and the court then quieted the title of said land in the plaintiff, subject to the perpetual easement in favor of the McFerans across the strip of land 80 feet wide along the entire west and south side of the plaintiff's land, for the right of ingress and egress to and from said real estate, which perpetual easement, as stated above, was reserved to the defendant by the trial court in this action.

The trial judge correctly found that the legal title to the real estate involved in present action was vested in the plaintiff.

■ Upon the question of adverse possession of the disputed strip, there was a conflict in the testimony of the witnesses. We have carefully read the record in this case. When consideration is given to the testimony of the witnesses, to the location of the disputed strip, to its length and its width, to the type and character of the possession of each of the parties, and to the continuity thereof as testified to by the witnesses, and to the other factors involved, we decide that the trial court's findings thereon should not be disturbed, since these findings are not against the weight of the evidence.

■ In a case of equitable cognizance, this court will examine the whole record and weigh the evidence and affirm the judgment of the trial court unless clearly against the weight of the evidence or contrary to law or established principles of equity. Bennett v. Grother, Okl., 280 P.2d 1015; Moral Insurance Co. v. Fechtel, Okl., 280 P.2d 716; Southard et al. v. MacDonald, Okl., 360 P.2d 940; and A. A. Murphy, Inc. v. Banfield, Okl., 363 P.2d 942.

The trial court's finding against the defendant on her claim of prescriptive title

to all of the land in dispute is not clearly against the weight of the evidence.

Under the above-mentioned general rule for review of cases of equitable cognizance, the judgment of the trial court, as construed herein, should be and hereby is affirmed.

This Court acknowledges the services of Carl Pinkerton, who with the aid and counsel of Alfred B. Knight and Maynard I. Ungerman, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Lavender, J., for review and study, after which and upon consideration by the Court the foregoing opinion was adopted.