1999 OK CIV APP 88
**Roy D. TRITTEN, et ux.,**
**Plaintiffs/Appellees,**

v.

**Lester Wayne KINSEY, et ux.,**
**Defendants/Appellants.**

**No. 91,240.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 25, 1999.

Carson L. Carter, III, Oklahoma City, Oklahoma, For Appellant.

Elvin J. Brown, Norman, Oklahoma, For Appellee.

## OPINION

GARRETT, Judge:

¶ 1 This is a boundary line dispute. Appellees, Roy D. Tritten and Linda L. Tritten, husband and wife, (Trittens), filed a quiet title action against Appellants, Lester Wayne Kinsey and Jane L. Kinsey, husband and wife, (Kinseys). Trittens alleged that Kinseys had erected a fence which encroached upon and confiscated over seven-tenths of an acre of Trittens' tract. Kinseys answered and alleged the boundary had been agreed upon in 1977 by both party's predecessors in title, and at the time of the agreement in 1977, the predecessors in title placed a telephone pole in the ground as a corner post boundary marker. Kinseys alleged that after they took title, they erected a fence, in 1985, using the telephone pole as a corner post. Kinseys also alleged, and it was undisputed, that Trittens purchased their land in 1995 and filed this action in 1997. Kinseys contended they were entitled to judgment based upon the doctrine of boundary by acquiescence, by estoppel, and by virtue of an executed parol agreement.

¶ 2 The court found Kinseys had not established a claim for title by prescription, and were not entitled to judgment based upon the doctrine of boundary by acquiescence, by estoppel, or based upon an executed parol agreement. The court quieted title in the disputed area in the Trittens. Kinseys appeal.

■ ¶ 3 In matters of equitable cognizance, this court will examine the whole record and weigh the evidence and affirm the judgment of the trial court unless it is clearly against the weight of the evidence, or contrary to law or established principles of equity. *Murdock v. Loeffelholz*, 1966 OK 242, 421 P.2d 236.

¶ 4 Here, the evidence showed that Kinseys put up a fence in 1985, approximately one year after purchasing their property. Kinseys used a pole that had been represented to them as a corner boundary marker as a corner post for the fence. Kinseys made improvements on the property such as a pond and a driveway. The fence and the improvements were in place in 1995 when Trittens purchased their tract and, in 1997 when this action was commenced.

■ ¶ 5 There are at least two types of boundary by acquiescence cases. In the majority of those cases, the adjoining landowners, and their successors in title, have marked the boundary by a fence and have actually occupied the property for the prescriptive period.[1] Another type, which is the minority, allows a boundary to be set by acquiescence, under certain conditions *even when the prescriptive period has not been met.* In *Lake, for use and benefit of Benton v. Crosser*, 1950 OK ——, 202 Okla. 582, 216 P.2d 583, the Court said that (1) a parol agreement, (2) long acquiesced in, (3) to settle a boundary between adjoining landowners, (4) which was the honest attempt to fix a true boundary and (5) according to which they have marked the line and (6) agreed upon it by building a fence thereon and (7) have actually occupied it, will be held good even though the prescriptive time period has not run. Kinseys contend there was an executed parol agreement which showed the boundary line. They rely on *Lake*.

¶ 6 Kinseys' and Trittens' predecessors in interest apparently agreed to the setting of the telephone pole as the corner post. We note, however, that Kinseys argument fails under the minority type of boundary by acquiescence cases because the adjoining landowners at the time the agreement was made, did not build a fence along the allegedly agreed boundary. Here, taken in the light most favorable to Kinseys, their predecessors in interest placed a corner post, but did not fence or occupy the land. The requirements of *Lake*, as noted above, were not met.

■ ¶ 7 Alternatively, Kinseys may not claim the theory of boundary by acquiescence under the majority or "prescriptive period"

---

1. See, 12 O.S.1991 Sec.93(4).

cases because the statutory period has not run. In *Lewis v. Smith*, 1940 OK ——, 187 Okla. 404, 103 P.2d 512, boundary by acquiescence was found to be: "Where adjoining landowners occupy their respective premises up to a certain fence line which they mutually recognize and acquiesce in for a long period of time, usually the time prescribed by the statute of limitations, they are precluded from claiming that the boundary line thus recognized and acquiesced in is not the true one." In that case, several factors were examined to determine whether boundary by acquiescence existed. Those factors were: (1) the division of a unit of land; (2) the running of a fence between the divided portions of the unit deviating from the true line as established by government survey; (3) the continued maintenance of the fence for the statutory period; and (4) the use by the respective parties of the land lying on their respective sides of the fence only.

¶ 8 The requisite fifteen years had not passed when Trittens brought this action. It was not until 1985, a year after Kinseys purchased the property, that they built a fence and occupied the property. Prior to that time, there were no structures marking a boundary line. The lone pole in a pasture, without more, is insufficient to establish an acquiesced boundary.

¶ 9 Kinseys contend Trittens are estopped from asserting the boundary line is not the common boundary because the division line had been previously adopted as correct. As authority, Kinseys rely on *Grunden v. Hurley*, 1987 OK CIV APP 30, 736 P.2d 548 and *Holt v. Hutcheson*, 1958 OK 299, 333 P.2d 530. In both of those cases, the boundary line had been established *for over fifteen years*. We see no error.

¶ 10 Because the judgment of the trial court is not clearly against the weight of the evidence or contrary to law or established principles of equity, we must affirm.

¶ 11 AFFIRMED.

ADAMS, J., and BUETTNER, P.J., concur.